# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE BAIZE,<br><br>    Plaintiff,<br><br>v.<br><br>LLOYD BURTON AUSTIN,<br><br>    Defendant. | Case No. 16-cv-01893-BAS(RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 2);**<br><br>**(2) DISMISSING ACTION AS FRIVOLOUS UNDER 28 U.S.C. 1915(e); AND**<br><br>**(3) TERMINATING AS MOOT MOTION TO APPOINT COUNSEL**<br><br>**[ECF Nos. 2, 3]** |

  On July 27, 2016, Plaintiff Debbie Baize, proceeding *pro se*, filed a handwritten complaint against Defendant Lloyd Burton Austin asserting he "made false charges of elder abuse and lied under oath." (ECF No. 1.) On the same day, Plaintiff also filed a motion seeking leave to proceed *in forma pauperis* ("IFP") and a motion to appoint counsel. (ECF Nos. 2, 3.) For the following reasons, the Court: (1) **GRANTS** Plaintiff's IFP motion (ECF No. 2); (2) **DISMISSES** this action as

frivolous under 28 U.S.C. 1915(e); and (3) **TERMINATES AS MOOT** Plaintiff's motion to appoint counsel (ECF No. 3).

## I. MOTION FOR LEAVE TO PROCEED IFP

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds by Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that the district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL

311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff is unemployed and receives $1,054.00 per month in retirement income. (IFP Mot. ¶¶ 1, 2.) No other sources of income are listed. (*Id.*) Plaintiff's monthly expenses include $650.00 for rent and $300.00 for medical and dental expenses. (*Id.* ¶ 8.) Plaintiff does not own an automobile, real estate, or any other significant asset. (*Id.* ¶ 5.) Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair her ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **GRANTS** Plaintiff's application for leave to proceed IFP (ECF No. 2).

## II.   DISMISSAL UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2)(B)(i), the court must dismiss an action where the plaintiff is proceeding IFP if the court determines that the action "is frivolous or malicious." An IFP complaint "is frivolous if it has 'no arguable basis in fact or law.'" *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.1984)). In addition, an IFP complaint "that merely repeats pending or previously litigated claims" is subject to dismissal as frivolous. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)) (construing former version of 28 U.S.C. § 1915(d), which then governed dismissal for frivolousness); *see also*

*Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (affirming dismissal of plaintiff's claims as "frivolous or malicious" where the plaintiff's four previous actions concerning the same issue were dismissed for lack of subject matter jurisdiction).

Here, the Court finds Plaintiff's Complaint is frivolous because it merely repeats claims that have been previously dismissed with prejudice in two actions. Plaintiff alleges Defendant "made false charges of elder abuse and lied under oath." (Compl., ECF No. 1.) She seeks to clear her name of "all false allegations and charges made against [her] personally" and requests compensation for "false imprisonment." (*Id.*) Plaintiff made the same allegations in a previous action against Austin Burton Lloyd, who is presumably the same person as Defendant Lloyd Burton Austin. *See* Complaint, *Baize v. Lloyd*, No. 14-CV-02573-BAS(JMA) (S.D. Cal. Oct. 29, 2014), ECF No. 1. In that case, this Court granted Plaintiff IFP status, but it dismissed her action without prejudice for lack of subject matter jurisdiction and for failure to state a claim. Order, *Baize v. Lloyd*, No. 14-CV-02573-BAS(JMA) (S.D. Cal. Nov. 13, 2014), ECF No. 4. Plaintiff amended her complaint, but the Court again dismissed her action. *Baize v. Lloyd*, No. 14-CV-02573-BAS(JMA), 2015 WL 2165293, at *1 (S.D. Cal. May 7, 2015). Next, after Plaintiff amended her complaint for the final time, the Court dismissed the action with prejudice for failure to state a claim. *Baize v. Lloyd*, No. 14-CV-02573-BAS(JMA), 2015 WL 5040047, at *4 (S.D. Cal. Aug. 26, 2015).

Thereafter, Plaintiff filed another action against Defendant regarding the same allegations made in her first action. *See* Complaint, *Baize v. Austin*, 15-cv-02547-LAB(WVG) (S.D. Cal. Nov. 12, 2015), ECF No. 1. This second action was similarly dismissed with prejudice after Plaintiff failed to establish subject matter jurisdiction or explain why the action was not related to her previous case. Order, *Baize v. Austin*, 15-cv-02547-LAB(WVG) (S.D. Cal. Feb. 29, 2016), ECF No. 8.

//

1     Based on the foregoing, the Court finds Plaintiff's Complaint "merely repeats
2 pending or previously litigated claims" that were dismissed with prejudice in the two
3 prior actions described above. *See Cato*, 70 F.3d at 1105 n.2. Therefore, this action
4 is frivolous, and it must be dismissed. *See id.*; 28 U.S.C. § 1915(e)(2)(B)(i); *see also*
5 *Denton*, 504 U.S. at 30 (recognizing Congress's concern that "a litigant whose filing
6 fees and court costs are assumed by the public, unlike a paying litigant, lacks an
7 economic incentive to refrain from filing frivolous, malicious, or repetitive
8 lawsuits").[1]

## III.  CONCLUSION

In sum, the Court **GRANTS** Plaintiff's motion to proceed IFP (ECF No. 2). However, the Court also **DISMISSES WITH PREJUDICE** this action in its entirety under 28 U.S.C. § 1915(e)(2)(B)(i) because it is frivolous. In addition, the Court **TERMINATES AS MOOT** Plaintiff's motion to appoint counsel (ECF No. 3) because this action is being dismissed.

**IT IS SO ORDERED.**

DATED:  August 3, 2016

Hon. Cynthia Bashant
United States District Judge

---

[1] The Court also finds it appropriate to dismiss this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction for the same reasons expressed in its prior order. *See* Order, *Baize v. Lloyd*, No. 14-CV-02573-BAS(JMA) (S.D. Cal. Nov. 13, 2014), ECF No. 4.